María Echevarría, Vda. de Subirá, Concepción Subirá y su esposo Manuel A. Frau y Providencia Subirá y su esposo Salvador Perelló, demandantes y apelantes, *v.* Rafael Saurí, demandado y apelado.

No. 4902.—*Sometido:* Marzo 4, 1929. *Resuelto:* Abril 26, 1929.

*Henry G. Molina, M. León Parra* y *Gustavo Rodríguez,* abogados de los apelantes; *R. V. Pérez Marchand,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Resuelto un pleito seguido por María Echevarría, viuda de Subirá, y otros demandantes contra Rafael Saurí, como demandado, sobre. *injunction,* la parte demandante presentó un memorándum de costas, en el que se incluye una partida de doce mil dólares para honorarios de abogados, en la forma que sigue:

"Honorarios de abogados por investigación de los hechos, estudio detenido de la ley, preparación de demanda con 5 causas de acción, preparación de petición sobre 'restraining order' e injunction pendente lite, preparación de declaraciones juradas, orden inhibitoria y 'restraining order'; preparación para juicio y comparecencia ante la Corte de Distrito un día, resoluciones con resultado favorable; preparación de nueva orden fianza, estudio de moción sobre apertura del caso, preparación y contestación y otra comparecencia ante la Corte de Distrito en oposición a la moción como resultado favorable para los demandantes. Valor de dichos servicios teniendo en cuenta la importancia del caso por la dificultad de las cuestiones envueltas $12,000.00."

El demandado formuló oposición a esos honorarios, y se tramitó el caso, presentando las partes sus pruebas. La corte dictó su resolución en 7 de diciembre de 1928, reduciendo la partida por honorarios a $2,000, y condenando al demandado a pagar, de esa partida, la suma de $1,000. Contra esa resolución se ha interpuesto el presente recurso de apelación.

Dos errores se señalan por la parte apelante. El primero, relativo a la fijación de cuantía de los honorarios en $2,000, y el segundo relativo a la condena al demandado, del pago de la mitad de esos honorarios.

En lo que afecta a la cuantía, hemos examinado la prueba que se ofreció a la corte de distrito, y es forzoso que nos ocupemos de algún particular de la misma.

Desde luego, el éxito de las gestiones del abogado, su triunfo ante los tribunales, o en una transacción, es elemento que no podemos considerar, ni decisivo, ni de importancia, al graduar sus honorarios. El éxito no depende exclusivamente del abogado, aunque en su consecución tenga una parte importantísima; el éxito se halla fuera de sus manos, ya que lo crea y consagra un tercero, el juez o el jurado. No es extraño encontrar grandes trabajos forenses en asuntos en que el éxito, por unas u otras razones, no ha acompañado al esfuerzo del jurista; éste debe ser remunerado de acuerdo con otros elementos. La honorabilidad del profesional, y como consecuencia, la confianza que inspira al cliente y la tranquilidad de que éste goza aun navegando en las procelosas aguas de un litigio; el grado de cultura jurídica del abogado; su devoción al estudio; todo ello en términos generales; y en cada caso particular, los escollos y dificultades del caso, los problemas a presentar y a resolver; el empleo del tiempo, que es en la profesión uno de los elementos de producción, son datos a considerar en la remuneración, que se ha llamado con justicia "honorarios," y no de otra forma, y datos con respecto a los que tiene el éxito una escasa importancia.

Indudablemente, el trabajo del abogado en este caso, no fué sencillo y fácil. No podemos convenir en que, como dijo un testigo en el caso, las cuestiones de posesión sean de poca monta, desde el punto de vista del estudio. En la materia de posesión se presentan frecuentemente cuestiones de más difícil resolución que las que se suscitan en materia de dominio.

Pero en este caso, no creemos que la corte de distrito actuó con error al fijar los honorarios en una suma de dos mil dólares. Se trata de un *injunction* posesorio, en el que si bien hubo necesidad de estudio, y de esfuerzo intelectual, y de empleo de tiempo, la remuneración por $2,000, si bien no es excesiva, no es tampoco injusta.

█ En lo que afecta al segundo error, creemos que la corte incurrió en el señalado.

Los Jueces Sres. Presidente accidental Wolf y Asociado Hutchison entienden que aunque la corte al dictar su resolución tenía discreción para imponer el pago de una parte de los honorarios al demandado y eximirle de la otra parte, no había en este caso concreto justificación alguna para tal exención y los Jueces Asociados Sres. Aldrey y Texidor entienden que la corte una vez impuesto el pago de las costas y por virtud de la sentencia no tenía discreción en el momento de dictar la resolución apelada para liberar del pago de parte de ella al demandado Rafael Saurí.

*Debe confirmarse la resolución apelada* en cuanto a la cuantía de los honorarios de abogado, y *revocarse en lo demás,* dictando en su lugar una que condene al apelado a pagar los *dos mil dólares* en aquel concepto.

El Juez Presidente Sr. del Toro no intervino.